UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 22, 2017

LETTER TO COUNSEL

RE: *CX Reinsurance Company Limited, f/k/a CNA Reinsurance Company Limited v. B&R Management, Inc., et al.;* Civil Case No. ELH-15-3364

Dear Counsel:

Pursuant to an order referring this case to me for discovery, [ECF No. 78], I have reviewed Defendant Jessica-Carl, Inc.'s ("Jessica-Carl's") Motion to Compel and Plaintiff CX Reinsurance Company Limited's ("CX Re's") Opposition. [ECF Nos. 87-3, 87-7]. I have also reviewed CX Re's Motion for Leave to Supplement its Opposition to Jessica-Carl's Motion to Compel ("Motion to Supplement"), [ECF No. 136], the corresponding Supplement, [ECF No. 138], as well as Jessica-Carl's Opposition to the Motion to Supplement, [ECF No. 140], and a related Motion to Seal, [ECF No. 141]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, CX Re's Motion to Supplement will be GRANTED; Jessica-Carl's Motion to Seal will be GRANTED; and Jessica-Carl's Motion to Compel will be GRANTED IN PART and DENIED IN PART.

**I. Background**

In this action, CX Re seeks to rescind two general liability insurance policies ("Policies") issued to Jessica-Carl, B&R Management, Inc. ("B&R Management"), and other named insureds (collectively "Defendants") in 1997 and 1998, alleging that Defendants made misrepresentations of material fact in the underlying insurance application ("Application"). *See* Pl.'s First Am. Compl., [ECF No. 25 at ¶¶ 1 & 11].

The Policies provide insurance coverage for certain risks, including lead exposure, relating to specified residential rental properties in Baltimore, Maryland ("Properties"). *Id.* at ¶ 13. Policies, [ECF Nos. 1-2 & 1-3]. Specifically, CX Re avers that Defendants falsely denied the existence of past lead paint violations in connection with the Properties in response to a question on the Application. *Id.* at ¶¶ 25-26. If Defendants had answered this question truthfully, CX Re argues it would not have issued the Policies or that it would have issued the Policies subject to substantially higher premiums or substantially different terms. *Id.* at ¶ 41. CX Re contends that it "has incurred and paid costs of at least $853,328 in connection with the adjustment, defense, settlement and satisfaction of judgments in these and other claims and lawsuits under the Policies[,]" including lawsuits alleging bodily injury due to exposure to lead paint in the Properties. *Id.* at ¶¶ 34-37. Consequently, CX Re also demands an award of damages resulting

from fraud in connection with the aforementioned conduct. *Id.* at ¶¶ 1-2. CX Re asserts that it first learned of the misrepresentation on the Application while conducting "a broad underwriting review of many insureds[]" in August 2015, and filed this action shortly thereafter in November, 2015. *Id.* at ¶¶ 27-28.

Discovery in this matter is underway, and the instant dispute involves Jessica-Carl's First Requests for Production. *See* Def.'s Mot., [ECF No. 87-3]. In its Response, CX Re objected to Request Nos. 7, 8, and 10 on relevance and privilege grounds. *Id.* at 5 & 10-12. Jessica-Carl served CX Re with its Motion to Compel on January 31, 2017, Pl.'s Opp., [ECF No. 87-7, 1], seeking production of documents pursuant to the above requests, as well as a privilege log, Def.'s Mot., [ECF No. 87-3, 5-6]. In its Opposition, CX Re declined to respond, arguing instead that CX Re's March 10, 2017 "settlement in principle" with B&R Management, once finalized, would render the Requests irrelevant and the Motion moot. [ECF No. 87-7, 1-2]. However, the settlement-in-principle never finalized. Pl.'s Mot. to Suppl., [ECF No. 136 at ¶ 10].[1] Following the parties' failed attempts to resolve the dispute, Jessica-Carl filed its Motion to Compel and related memoranda on March 30, 2017. [ECF No. 87]. *See* Loc. R. 104.8 (D. Md. 2016).[2] On May 9, 2017, CX Re filed a Motion to Supplement, seeking to address the substantive arguments raised in the Motion to Compel. Pl.'s Mot. to Suppl., [ECF No. 136]. Jessica-Carl opposes CX Re's Motion to Supplement. Def.'s Opp., [ECF No. 140].[3] I will address each of these motions in turn.

## II. Discussion

### A. CX Re's Motion to Supplement

As noted above, CX Re timely opposed Jessica-Carl's Motion to Compel, but failed to address the substance of the issues raised therein. Pl.'s Mot. to Suppl., [ECF No. 136 at ¶8]. CX Re's settlement-in-principle with B&R Management fell through on or about April 4, 2017, and CX Re now seeks leave to supplement its Opposition. *Id.* at ¶¶ 8 & 10. Jessica-Carl opposes CX Re's Motion to Supplement on the basis of tardiness, and suggests that CX Re must suffer the consequences of the "risk" it took by foregoing a substantive response in the first instance. Def.'s Opp., [ECF No. 140, 3]. I note that CX Re offers no explanation why it waited over a month to file its Motion to Supplement, after realizing there would be no imminent settlement with B&R Management. *See id.* at 3, n. 2. Nevertheless, since the Supplement narrows the

---

[1] On April 6, 2017, Judge Hollander also prohibited CX Re from entering into a settlement agreement with B&R Management until the Court rules on Jessica-Carl's Motion for Temporary Restraining Order and Preliminary Injunction. *See* [ECF No. 94]. This Order remains in effect. *See* [ECF No. 183].

[2] Both parties claim that their opponents failed to abide by the requirements of Local Rule 104.8. *See* Pl.'s Mot. to Suppl., [ECF No. 138, 10-12]; Def.'s Mot. to Compel, [ECF No. 87]. Based on the record before me, I am convinced that both CX Re and Jessica-Carl engaged in reasonable efforts to resolve this discovery dispute without court intervention. Although these efforts ultimately failed, there is no lapse under Local Rule 104.8 so great that the matter should not be adjudicated presently.

[3] Jessica-Carl also moved to seal its Opposition to CX Re's Motion to Supplement due to references therein to exhibits previously filed under seal. [ECF No. 141, 1]. Judge Hollander recently granted several motions to seal, including the exhibits to Jessica-Carl's Motion for a Temporary Restraining Order and Preliminary Injunction, [ECF No. 88], which were cited in Jessica-Carl's Opposition. *See* [ECF No. 150]. Accordingly, consistent with Judge Hollander's ruling, I will grant Jessica-Carl's Motion to Seal, [ECF No. 141].

grounds of CX Re's objections and presents relevant information that will aid the court in resolving this dispute, I will treat CX Re's Motion to Supplement as a Motion for Leave to File a Surreply and will grant the motion in accordance with Local Rule 105.2(a).

### B. Jessica-Carl's Motion to Compel

#### i. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In determining proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

#### ii. Request for Document Production No. 10

Jessica-Carl's Request for Document Production No. 10 asks CX Re for "[a]ll documents pertaining to the 'broad underwriting review' conducted by [CX Re's] London-based business manager … including but not limited to any written review, all communications related to such review, and any documents reviewed during the course of the underwriting review." Def.'s Mot. to Compel, [ECF No. 87-3, 5]. Jessica-Carl seeks full compliance with Request No. 10, arguing that the documents at issue are "crucial" to Jessica-Carl's ability to effectively challenge CX Re's claims regarding the timeliness of this rescission action, as well as presenting affirmative defenses. Def.'s Mot., [ECF No. 87-3, 4]. CX Re correctly notes that "[t]his Request seeks *all* documents pertaining to CX Re's broad underwriting review of *many insureds*." Pl.'s Supp., [ECF No. 138, 2]. In its Supplement, CX Re abandons its earlier privilege objections and instead argues that documents relating to CX Re's underwriting review of any landlord other than B&R Management are irrelevant to the instant case. Pl.'s Supp., [ECF No. 138, 7-8]. CX Re also aims to limit the relevant time period for this Request to "those documents indicating, as a factual matter, when CX Re began to investigate the veracity of B&R's answer to Application Question 16 and when CX Re first acquired facts establishing that B&R's answer to Question 16 was false." *Id.*

CX Re is correct that documents relating to the underwriting review of insureds other than B&R Management are not relevant to this case. The determinative inquiries regarding the accrual of notice sufficient to trigger the running of the statute of limitations and to justify rescission, and whether rescission was promptly sought, are fact-specific to each insured. *See Charter Oak Fire Co. v. American Capital Ltd.*, 2016 WL 827380, at *12 (D. Md. 2016) (quoting *Monumental Life Ins. Co. v. U.S. Fid. & Guar. Co.*, 94 Md. App. 505, 541 (1993)); *William Rounds v. Md.-Nat'l Capital Park & Planning Comm'n*, 109 A.3d 639, 658 (Md. 2015). Indeed, when Judge Bredar declined to consolidate this case with CX Re's five other rescission actions, he commented that "[w]hether Defendants in [one case] made a material misrepresentation on their application that resulted in damage to CX Re is a distinct factual question from whether any other defendants in any [other] case made a material misrepresentation on other policy applications pertaining to other properties[,]" such that "resolution of [one factual question] in one case [will not] drive[] the resolution in the rest of the

cases." [ECF No. 61, 4]. Limiting Request No. 10 is consistent with Judge Breder's Memorandum and Order regarding consolidation.

At the same time, Jessica-Carl is right that Defendants are "not required to accept CX Re['s] assertion that it was unaware of the alleged misrepresentations until conducting the 'broad underwriting review.'" Def.'s Mot. to Compel, [ECF No. 87-3, 10]. Consequently, Jessica-Carl is entitled to discovery of relevant documents that may aid it in refuting CX Re's version of events or offering a factual alternative. *See* Fed. R. Civ. P. 26(b)(1). Since CX Re placed the August 2015 underwriting review squarely at issue in its allegations, Jessica-Carl is entitled to all documents pertaining to the underwriting review involving B&R Management. Accordingly, CX Re must provide the information sought through Request No. 10 pertaining to B&R Management, **within fourteen (14) days from the date of this Order.**

### iii. Request for Document Production Nos. 7 and 8

Jessica-Carl's Request for Document Production No. 7 asks:

> [i]n connection with any policy providing liability insurance for lead paint coverage written by CX Re during the period January 1, 1997 through August 31, 1999, [for] all documents reflecting payment under such policy for expenses or to resolve claims when CX Reinsurance was provided with evidence of lead paint violation notice(s) for the applicable property before making such payment, including but not limited to any notes, memoranda, and/or internal or external communications.

Def.'s Mot. to Compel, [ECF No. 87-3, 10]. Jessica-Carl's Request for Document Production No. 8 asks:

> [i]n connection with any policy providing liability insurance for lead paint coverage written by CX Re during the period January 1, 1997 through August 31, 1999, [for] all documents reflecting CX Reinsurance's refusal to make payment under such policy for expenses or to resolve claims when CX Reinsurance was provided with evidence of lead paint violation notice(s) for the applicable property, including but not limited to any notes, memoranda, and/or internal or external communications.

*Id.* at 11. Jessica-Carl seeks the above documents as to all insureds. *Id.* at 13. Jessica-Carl argues that the documents sought through these Requests are relevant to establishing whether B&R Management's purportedly false answer to Question 16 of the Application was material to CX Re's underwriting decision. *Id.* Jessica-Carl further contends that the Requests are proportional to the needs of the case because there are millions of dollars at issue in this case, as well as five other similar rescission cases. *Id.* at 14. In its Supplement, CX Re argues that these Requests are irrelevant. Pl.'s Suppl., [ECF No. 138, 9]. Specifically, CX Re contends that "[a] misrepresentation on an insurance application is material only if it would have reasonably influenced the underwriter's decision whether, and on what terms, to issue a policy. … [Consequently,] CX Re's claims handling *after* the policies were issued can have no bearing on how B&R [Management]'s misrepresentations on the Application may have influenced CX Re's

4

underwriting decision." Pl.'s Suppl., [ECF No. 138, 9].

CX Re is correct. Whether CX Re, once contractually-bound to provide insurance coverage, would choose to pay or not pay claims after receiving lead paint violation notices does not shed light on whether CX Re would choose to enter such a contractual relationship in the first place. Any inference regarding "materiality" in pre-coverage decisions that may be drawn from post-coverage behavior calls for impermissible speculation. Jessica-Carl's reasoning as to the relevance of Request Nos. 7 and 8 is not persuasive and, therefore, the motion to compel responses thereto will be denied.

## IV. Conclusion

For the reasons discussed above, CX Re's Motion to Supplement, [ECF No. 136], will be GRANTED; Jessica-Carl's Motion to Seal, [ECF No. 141], will be GRANTED; and Jessica-Carl's Motion to Compel, [ECF No. 87], will be GRANTED IN PART and DENIED IN PART. CX Re is hereby ORDERED to provide Jessica-Carl with the information discussed herein, within the deadlines set forth herein. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), no fees or expenses will be awarded to either party because relief is being granted in part and denied in part.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge