CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 13, 2017

LETTER TO COUNSEL

RE:     *CX Reinsurance Company Limited, f/k/a CNA Reinsurance Company Limited v.
        B&R Management, Inc., et al.;* Civil Case No. ELH-15-3364

Dear Counsel:

Presently pending is Defendant Jessica-Carl, Inc.'s ("Defendant") Motion for Reconsideration [ECF No. 197] of the Court's June 22, 2017 Letter Order [ECF No. 192] which, *inter alia*, denied (in part) Defendant's Motion to Compel responses to its document production requests [ECF No. 87-3].  Defendant asks the Court to reconsider its opinion.  For the reasons set forth below, Defendant's motion is DENIED.

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment.  Fed. R. Civ. P. 54(b).  While Rule 54 does not elucidate the standard for reconsideration of interlocutory orders, such as the discovery ruling here, the Fourth Circuit has held that a motion for reconsideration under Rule 54 is not subject to the same "strict standards" applicable to motions for reconsideration of a final judgment.  *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003).  Despite this relative leniency, "most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions," and will reconsider an interlocutory order only where: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice."  *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citations omitted).  None of these justifications is present here.

In its June 22, 2017 Order, the Court denied (in part) Defendant's Motion to Compel because it sought the production of documents which were not relevant. [ECF No. 192].  Specifically, Defendant requests the Court to reconsider its ruling with respect to document Requests 7 and 8.  [ECF Nos. 197, 219].[1]  Defendant's Request No. 7 asks:

[i]n connection with *any* policy providing liability insurance for lead paint

---

[1] Defendant does not ask the Court to reconsider its ruling that the documents sought in Requests Nos. 7 and 8 were not "material" to CX Re's issuance of a policy, but only to reconsider its ruling that the documents sought were not relevant to its limitations, laches, and waiver defenses.  *See* [ECF No. 192, 4-5]; [ECF Nos. 197, 219].

coverage written by CXRe during the period January 1, 1997 through August 31, 1999, [for] *all* documents reflecting payment under such policy for expenses or to resolve claims when CX Reinsurance was provided with evidence of lead paint violation notice(s) for the applicable property before making such payment, including but not limited to any notes, memoranda, and/or internal or external communications.

[ECF No. 197, 1-2] (emphasis added). Defendant's Request No. 8 asks:

[i]n connection with *any* policy providing liability insurance for lead paint coverage written by CX Re during the period January 1, 1997 through August 31, 1999, [for] *all* documents reflecting CX Reinsurance's refusal to make payment under such policy for expenses or to resolve claims when CX Reinsurance was provided with evidence of lead paint violation notice(s) for the applicable property, including but not limited to any notes, memoranda, and/or internal or external communications.

[ECF No. 197, 2] (emphasis added). Defendant believes that the Court's ruling was "clear error" and reiterates the argument it made in its Motion to Compel that the documents sought in Requests 7 and 8 are relevant to CX Re's receipt of evidence of lead paint violations and: (1) whether it waived its right to rescission because "it had knowledge of a basis for rescission and nevertheless made payment on the policy;" and (2) whether its claims are time-barred because it knew or should have known of the alleged misrepresentations more than three years before filing suit. [ECF No. 219, 2]; [ECF No. 197, 2]; [ECF No. 87-3, 10-14]. Defendant also contends that in denying its Motion to Compel, the Court considered only its "materiality" argument and did "did not address [its] laches / limitations/waiver argument." [ECF No. 197, 3]. Defendant is mistaken.

Request Nos. 7 and 8 seek information concerning *any* CX Re insured, including those not party to this litigation. CX Re is correct that the "relevant inquiry [] is whether CX Re promptly sought rescission of [B&R Management's ("B&R")] policies after it first acquired 'sufficient proof' that B&R had submitted a false Application." [ECF No. 205, 8]. As stated in the Court's Opinion denying Defendant's Motion to Compel (albeit in a different section), [ECF No. 192, 3-4], in determining whether an insurance company promptly sought rescission, the inquiry is "limited to the timing of Plaintiffs' investigation into, and conclusions about, the facts [the insured] allegedly misrepresented in its insurance applications." *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, No. CIV.A. DKC 09-0100, 2013 WL 6844359, at *3 n.4 (D. Md. Dec. 24, 2013). Thus, the inquiries regarding the accrual of notice sufficient to trigger the running of the statute of limitations and to justify rescission, and whether rescission was promptly sought, is fact-specific to each insured. *See Charter Oak Fire Co. v. Am. Capital, Ltd.,* No. CV DKC 09-0100, 2016 WL 827380, at *12 (D. Md. Mar. 3, 2016*), on reconsideration in part,* No. CV DKC 09-0100, 2016 WL 8669940 (D. Md. July 1, 2016) (quoting *Monumental Life Ins. Co. v. U.S. Fid. & Guar. Co.*, 94 Md. App. 505, 541 (1993)); *William Rounds v. Md.-Nat'l Capital Park &*

*Planning Comm'n*, 109 A.3d 639, 658 (Md. 2015). Contrary to Defendant's contention, then, policies unrelated to B&R, including any payments or refusals to make payments under such policies, are not relevant to Defendant's laches/limitations defense. Recognizing, however, that documents involving its insured, B&R, are relevant to such defenses, the Court Ordered CX Re to produce "all documents pertaining to the underwriting review involving B&R" within fourteen (14) days from its Order. [ECF No. 192, 4].

For the reasons discussed herein, Plaintiff's Motion for Reconsideration is DENIED. Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.


Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge


cc: Judge Ellen L. Hollander